*E-Filed 1/5/2015*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| THOMAS ROBERT MORALES, | No. C 14-4040 RS (PR) |
| Petitioner, | **ORDER TO SHOW CAUSE;** |
| v. | **ORDER DENYING MOTION FOR THE APPOINTMENT OF COUNSEL** |
| ELVIN VALENZUELA, Warden, | |
| Respondent. | |

## INTRODUCTION

Petitioner seeks federal habeas relief under 28 U.S.C. § 2254 from his state convictions. The petition for such relief is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. Respondent shall file a response to the petition on or before April 6, 2015, unless an extension is granted.

## BACKGROUND

According to the petition, in 2013, a Contra Costa County Superior Court jury convicted petitioner of inflicting corporal injury on a co-habitant and found true an allegation that he inflicted great bodily injury. Petitioner pleaded guilty to a misdemeanor violation of a court order, and the trial court found true allegations that petitioner had one prior strike

1 conviction and had served prior prison terms.  He was sentenced to a term of 7 years in state
2 prison.

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.  Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

As grounds for federal habeas relief, petitioner alleges that (1) because his mental illnesses made him unable to assist his attorney at sentencing, the trial court violated his right to due process by denying him a post-conviction competency hearing; and (2) his right to due process was violated by the giving a flight instruction to the jury.  When liberally construed, these claims are cognizable on federal habeas review.

## CONCLUSION

1. The Clerk shall serve a copy of this order, the petition and all attachments thereto, on respondent and respondent's counsel, the Attorney General for the State of California.  The Clerk shall also serve a copy of this order on petitioner.

2. Respondent shall file with the Court and serve on petitioner, within **ninety (90)** days of the date this order is filed, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be granted based on petitioner's cognizable claims.  Respondent shall file with the answer and serve on petitioner a copy of all portions of the state trial record that previously have been transcribed and that are relevant to a determination of the issues presented by the

petition.

3. If petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on respondent's counsel within **thirty (30)** days of the date the answer is filed.

4. In lieu of an answer, respondent may file, within **ninety (90)** days of the date this order is filed, a motion to dismiss on procedural grounds, as set forth in the Advisory Committee Notes to Rule 4 of the Rules Governing Section 2254 Cases. If respondent files such a motion, petitioner shall file with the Court and serve on respondent an opposition or statement of non-opposition within **thirty (30)** days of the date the motion is filed, and respondent shall file with the Court and serve on petitioner a reply within **fifteen (15)** days of the date any opposition is filed.

5. Petitioner is reminded that all communications with the Court must be served on respondent by mailing a true copy of the document to respondent's counsel.

6. It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court and respondent informed of any change of address and must comply with the Court's orders in a timely fashion. Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).

7. Upon a showing of good cause, requests for a reasonable extension of time will be granted provided they are filed on or before the deadline they seek to extend.

8. Petitioner's motion (Docket No. 5) for the appointment of counsel is DENIED without prejudice. There is no right to counsel in habeas corpus actions. *See Knaubert v. Goldsmith*, 791 F.2d 722, 728 (9th Cir. 1986). A district court is authorized under 18 U.S.C. § 3006A(a)(2)(B) to appoint counsel to represent a habeas petitioner whenever "the court determines that the interests of justice so require" and such person is financially unable to obtain representation. The decision to appoint counsel is within the discretion of the district court, *see Chaney v. Lewis*, 801 F.2d 1191, 1196 (9th Cir. 1986), and should be granted only when exceptional circumstances are present. *See generally* 1 J. Liebman & R. Hertz, Federal

Habeas Corpus Practice and Procedure § 12.3b at 383–86 (2d ed. 1994).  Petitioner asserts that he requires representation because he is illiterate, and suffers from mental illnesses that make him unable to "comprehend substantial legal applications."  (Docket No. 5 at 1–2.)  He also asserts that at his request a fellow inmate prepared the instant habeas petition.  Because petitioner has assistance currently and appears competent to understand what relief he is pursuing, as evidenced by the filing of the petition and the motion for the appointment of counsel, he does not require the appointment of counsel.  Petitioner, then, has not shown that there are exceptional circumstances warranting the appointment of counsel.

    9. The Clerk shall terminate Docket No. 5.

    10. The Court notes that the filing fee has been paid.

**IT IS SO ORDERED**.

DATED: January 5, 2015

_____
RICHARD SEEBORG
United States District Judge